UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GORDON ALEXANDER CLARK, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 3:011-cv-1120 (MRK) |
| | : |
| ROBERT L. FULLERTON, et al. | : |
| | : |
| Defendants. | : |

**RULING AND ORDER**

In a Complaint [doc. # 1] filed on July 15, 2011, Plaintiff Gordon Alexander Clark invoked this Court's diversity jurisdiction, *see* 28 U.S.C. § 1332, and "petition[ed] this Court to enforce multiple contract defaults" stemming from an agreement which Mr. Clark made in October 2006 with one of the Defendants in this matter, Robert Fullerton. *See* Compl. [doc. # 1] at 1; *id*. Ex. 1 ("Letter of Intent"). Mr. Clark's original pleading named nine other Defendants in addition to Mr. Clark. After a number of those Defendants filed motions to dismiss, the Court on November 16, 2011 gave Mr. Clark an opportunity amend his complaint and respond to any deficiencies noted in the motions. *See* Order [doc. # 33].

On February 6, 2012, Mr. Clark filed an Amended Complaint [doc. # 45] in which he added four additional Defendants and separated his claims against them into twenty-one counts. In four separate motions [docs. # 44, 48, 54, 56], eleven of the named Defendants have now moved again for dismissal. Three other Defendants have not yet entered their appearance. The response deadline for two of these—Corinne F. Bennett and Michael F. Fulleteron—has not yet arrived. This leaves one final Defendant—Wong, Wong & Associates—whose appearance is overdue, and against whom Mr. Clark has filed a Motion for Default Judgment [doc. # 60].

1

In this Order, the Court rules on all five of the pending motions in this case. Because the Court only needs to consider questions of venue and personal jurisdiction in resolving these motions, this Order will not discuss any of the non-jurisdictional facts alleged in Mr. Clark's Amended Complaint.

## I.

Three of the pending Motions to Dismiss [docs. # 48, 54, and 56] argue that this Court lacks personal jurisdiction over eight of the Defendants: Richard A. Joel, Joel & Joel, LLP, Billy H. Kim, JExpress Fasteners International, Inc., JExpress International LLC, Heng Wang, Wang Gao & Associates PC, and Jie Zhu. The Court will also consider *sua sponte* whether it has personal jurisdiction over the Wong, Wong & Associates, the Defendant against which Mr. Clark seeks default judgment. As the Second Circuit has held:

> [A] district court should not raise personal jurisdiction *sua sponte* when a defendant has appeared and consented, voluntarily or not, to the jurisdiction of the court. But when a defendant declines to appear, a plaintiff generally proceeds by means of a motion for default judgment, *see generally* Fed. R. Civ. P. 55, and . . . before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.

*Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (citations omitted).

To determine whether personal jurisdiction over a particular defendant exists, the Court must conduct a two-part inquiry. *See Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005). First, the Court must ask whether jurisdiction exists under Connecticut law. *See id.* Second, if the Court determines that personal jurisdiction exists under Connecticut law, the Court must next ask whether its exercise of personal jurisdiction comports with due process requirements under the United States Constitution. *See id.* To comport with the

Constitution's requirements, Mr. Clark must show that the Defendants had minimum contacts with Connecticut such that the maintenance of a suit against them in Connecticut will not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

In making these determinations, the Court recognizes that Mr. Clark is a *pro se* plaintiff. For that reason, the Court liberally interprets his submissions to raise the strongest argument they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, at the motion to dismiss stage, the Court assumes that all of Mr. Clark's factual allegations are true. *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).

A.

According to Mr. Clark's pleadings, none of the Defendants have their residence, domicile, or principle place of business in Connecticut. Connecticut law allows for jurisdiction over out-of-state defendants, however, though the circumstances in which jurisdiction is allowed differ depending on whether the defendant is an individual, a partnership, or a corporation. Under Connecticut's general long-arm jurisdiction provision:

> a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, or over the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as

      defined in subdivision (3) of subsection (a) of said section, located within the state.

Conn. Gen. Stat. § 52-59b.

      Affidavits by Mr. Wang, Mr. Zhu, Mr. Kim, and Mr. Joel disclaim any such contacts with the State of Connecticut, either on their own part or on the part of JExpress International LLC[1] or Joel and Joel, LLP. Mr. Clark's Amended Complaint offers nothing to dispute these Defendants' avowals or to establish any contacts on their part with the State of Connecticut. Mr. Clark's claims against these six Defendants are all based on a lawsuit that JExpress International and Mr. Zhu, represented by Mr. Wang and Mr. Kim, apparently filed in a New Jersey court against Mr. Fullerton, represented by Mr. Joel and Joel & Joel, LLP. *See* Am. Compl. [doc. # 45] ¶¶ 28, 33, 41, 42-48, 51-52.

      None of the actions alleged to have occurred in New Jersey are sufficient to establish this Court's jurisdiction over these Defendants. In short, Mr. Clark has not alleged that Messrs. Joel, Kim, and Wang, or JExpress International, LLC or Joel & Joel, LLP have any ties whatsoever that would allow for a Connecticut court to exercise jurisdiction over them. For this reason, Mr. Clark's claims against them must be dismissed.

B.

      A similar analysis governs the claims against the corporate Defendants: JExpress Fasteners, Wang, Gao & Associates, and Wong, Wong & Associates. Under Connecticut's long-arm jurisdiction provision for corporations, foreign corporations can be sued in this State on causes of action arising as follows:

---

[1] In *Austen v. Catterton Partners V, LP*, 729 F. Supp. 2d 548, 559 (D. Conn. 2010), this Court decided that foreign LLCs fall under Connecticut's general long-arm jurisdiction provision, *see* Conn. Gen. Stat. § 52-59b(a), rather than Connecticut's corporation-specific long-arm provision, *see* Conn. Gen. Stat. § 33-929(e)-(f).

> (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. § 33-929(f).

According to Mr. Clark's Amended Complaint, JExpress Fasteners was represented in the New Jersey matter by lawyers at Wang, Gao & Associates and at Wong, Wong & Associates, both professional corporations. The actions of these parties that Mr. Clark complains about all seem to have taken place in New Jersey, and Mr. Clark has alleged no other contacts with Connecticut on the part of the corporate Defendants. Affidavits submitted by Mr. Wang and Mr. Zhu affirm that no such contacts exist. For that reason, the claims against them must also be dismissed for want of personal jurisdiction.

## II.

In his Motion to Dismiss [doc. # 44], Defendant Robert Fullerton does not claim that this Court lacks personal jurisdiction over him—and, presumably, his companies: Fullerton Design and Fullerton Fastening Systems, LLC. Instead, he moves under Rule 12(b)(3) of the *Federal Rules of Civil Procedure* for dismissal due to improper venue.

As Mr. Fullerton recognizes, the relevant statute governing venue in a diversity matter such as this is 28 U.S.C. § 1391(a)(2), which requires that a civil action be brought only in "a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of the property that is the subject of the action is situated."[2] Mr. Fullerton argues that Mr. Clark has not alleged that any of the activities giving rise to his claims occurred in Connecticut. The Court is not convinced. Although Mr. Fullerton claims that the contract which Mr. Clark claims was breached "was signed and executed in Nevada," the copy of the contract which Mr. Clark attached to his original Complaint [doc. # 1-2] shows that Mr. Fullerton signed the contract in Nevada on October 11, 2006 but that Mr. Clark signed the contract in Connecticut on October 24, 2006. Since Mr. Clark's allegations center on a claimed breach of this license agreement, the Court finds that a substantial part of the events giving rise to the claim occurred in Connecticut and that venue is therefore appropriate here.

For this reason, Mr. Fullerton's Motion to Dismiss [doc. # 44] on the basis of improper venue is denied. The Court notes that Mr. Fullerton's motion was filed in response to Mr. Clark's original Complaint [doc. # 1]. Now that Mr. Clark has amended his complaint, Mr. Fullerton will be given until April 2, 2012 to file an answer or otherwise respond to Mr. Clark's Amended Complaint [doc. # 45].

## III.

In summary: the Court GRANTS three of the four pending Motions to Dismiss [docs. # 48, 54, 56]. As a result, the clerk shall remove the following parties from this case: Richard A. Joel, Joel & Joel, LLP, Jie Zhu, JExpress Fasteners International, Inc., Heng Wang, Billy H. Kim, JExpress International LLC, and Wang Gao & Associates, PC. Because the Court has determined *sua sponte* that it lacks personal jurisdiction over Wong, Wong & Associates, Mr. Clark's Motion for Default Judgment [doc. # 60] as to that Defendant is DENIED. The clerk shall remove Wong, Wong & Associates from this case. Finally, Mr. Fullerton's Motion to

---

[2] Mr. Fullerton is correct that § 1391(a)(1) and (3) are not applicable in this case.

Dismiss [doc. # 44] is DENIED, and Mr. Fullerton is instructed to file an answer or to otherwise respond to Mr. Clark's Amended Complaint no later than April 2, 2012.

                      IT IS SO ORDERED.

                      /s/  Mark R. Kravitz
                      United States District Judge

**Dated at New Haven, Connecticut: March 5, 2012.**